[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE SIXTH COUNT OF REVISED COMPLAINT CUTPA (107)
On or about January 1, 1991, the plaintiff Alexander Carrese entered into a purchase agreement in which the defendants, Salvatore Iannotti, Valley OB-GYN Associates, et al, agreed to sell to the plaintiff a one-third interest in certain corporations and partnerships. The plaintiff made payments pursuant to the purchase agreement. In December 1992, the plaintiff was terminated without prior notice by the defendants after the plaintiff had paid $344,200 to the defendants. The defendants have failed to transfer the shares of stock and interest in the partnership as obligated under the agreement. The plaintiff alleges that cause was claimed in his termination as a ruse to attempt to justify the defendants' failure to perform under the purchase agreement. The plaintiff alleges that the defendants have breached a fiduciary duty and violated the implied covenant of good faith and fair dealing. The plaintiff also alleges that in retaining the sums of money paid pursuant to the purchase agreement while failing to transfer the stock and partnership interest, the defendant has committed conversion and theft.
The defendants claim that the sixth count of the complaint alleging CUTPA should be stricken because CUTPA does not apply to a breach of a contract to sell securities, and also, CUTPA does not apply to claims arising out of a breach of an agreement between an employer and employee.
CUTPA does not apply to disputes arising under the employee/employer relationship. Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 670 (1992); Baverjee v. Robert,641 F. Sup. 1093 (D. Conn. 1986). Personnel decisions and actions terminating employment do not fall within the ambit of "trade or commerce" as defined in Connecticut General Statutes42-110a and do not constitute an unfair trade practice under CUTPA. DeNicola v. Stop and Shop Co., Inc., 4 Conn. L.Rptr. 8, 9 (1991); Fitzgerald v. Forelli, 2 Conn. L.Rptr. 388, 389 (1990). Moreover, CUTPA does not apply to the purchase and sale of CT Page 6322 securities. Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172,180 (1986).
CUTPA does not apply to a situation where an individual alleges that his employment was terminated in order to avoid the issuance of additional stock that was due him. Ryan v. Watson Enterprises, 1 Conn. L.Rptr. 154, 156 (1990). Any claims for violations of CUTPA based upon either the employment relationship or the purchase and sale of securities are legally insufficient. Klachkin v. CTI Electronics Corp., 8 Conn. L.Rptr. No. 6, 198, 199 (1993). Thus, CUTPA 42-110a, et seq., does not apply to an employment contract containing a provision for the purchase of shares of stock. Id.
For the reasons stated, the motion to strike is granted.
Dorsey, J.